PROPOSED AMENDED
AFFIDAVIT IN SUPPORT OF
GRANTING § 2255 MOTION

<u>AMENDED AFFIDAVIT IN SUPPORT OF GRANTING § 2255 MOTION</u>

David William Giese, being duly sworn, disposes and states:

1) I am the Movant in this case. I make this affidavit in support of my § 2255 petition.

2) I was represented by Attorney Garrett J. Horn for Case No. 4:17-cr-40019-KES. Attorney Horn's representation began on approximately October 27, 2016.

3) On February 17, 2017, I was arraigned on one count of Bank Robbery in violation of 18 U.S.C. § 2113(a).

4) Prior to sentencing, I was interviewed for my PSR by Brent Hubers. I later received the PSR and stated to Attorney Horn that the PSR was missing information regarding my substance abuse dependency.

5) On approximately October 2, 2017, Attorney Horn notified me that he submitted objections to the Presentence Report (PSR) draft. Attorney Horn did not discuss said objections with me other than the objection involving substance abuse before filing the objections.

6) Between October 2, 2017 and November 6, 2017, Attorney Horn and I briefly discussed the objections to the PSR. Attorney Horn never indicated that we would withdraw the objections at sentencing on November 6, 2017. Attorney Horn never offered a strategy for sentencing nor offered a sentencing memorandum. (including discussing downward departures or adjustments).

7) Before November 6, 2017, I made Attorney Garrett J. Horn aware that I may suffer from CTE.

8) On or about April 17, 2018, I received a letter from Karen Zegel of the Patrick Risha CTE Awareness Foundation.

(1)

9) On or about September 22, 2018, I received a letter/assessment from Katie Lyons, LCSW, ACSW and the CTE study, <u>Clinicopathological Evaluation of Chronic Traumatic Encephalopathy in Players of American Football</u>, Ann C. McKee, MD, JAMA 2017; 318(4): 360-376.

Furthermore, I dispose and state the facts herein are:

Ex-Attorney Horn failed to properly object to the PSR as well as at sentencing that "the report doesn't identify any grounds for a departure from the advisory guideline range" as well as failing to present relevant downward departures at sentencing. Had ex-Attorney Horn familiarized himself with the U.S. Sentencing Guidelines, ex-Attorney Horn would have been able to properly object as well as present 5K2.13 and 5K2.0 downward departures at sentencing. Firmly absent ex-Attorney Horn's 'deficient performance,' there is a high probability, given the cases presented in the memorandum that I would have received a significantly lower sentence. Thus actual prejudice exists in violation of my Sixth Amendment Rights in the case herein.

WHEREFORE, I, David William Giese, the Movant, request that the Court grant this motion in all aspects.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on Date: 4/10/19

Respectfully Submitted,

Mr. David William Giese
#16941-273
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

(2)