UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID WILLIAM GIESE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case: 4:18-cv-04144-KES<br><br>GOVERNMENT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION |

On April 23, 2019, the magistrate judge filed a report and recommendation in this matter. The issue before the magistrate was the United States' pending motion to dismiss to David William Giese's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"). The magistrate narrowed Giese's petition to one issue - "that his trial counsel was ineffective for failing to assert and pursue a downward departure based on USSG § 5K2.20." Doc. 28 at 10, n. 2. The magistrate judge determined that there are disputed issues of fact as to whether counsel's withdrawal of the objection that the PSR did not contain grounds in support of a downward departure was deficient and that an evidentiary hearing is required. The government respectfully submits these objections to the magistrate's report and recommendation. Doc. 28.[1]

---

[1] Entries from the clerk's docket in Giese's underlying criminal prosecution (4:17-cr-40019-KES) will be cited as "CR Doc." followed by the docket number and

## I.   BACKGROUND

On February 15, 2017, a federal grand jury returned an indictment charging Giese with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). CR Doc. 2. On August 15, 2017, Giese entered a guilty plea to the indicted count. CR Docs. 20, 21 & 24. On November 7, 2017, the Court entered a judgment sentencing Giese to serve a total prison term of 48 months, four years of supervised release, a $100 special assessment, and $6,900 in restitution. CR Docs. 33 & 39. Giese did not file a direct appeal. *See* CR Docket.

On November 1, 2018, Giese filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. His petition sets forth one ground: ineffective assistance of counsel. CIV Doc. 1. He argues that counsel was ineffective for failing to object to paragraph 77 of the PSR (paragraph 78 of the final PSR) and for withdrawing an objection. He urges that counsel was ineffective in failing to argue that Giese was entitled to a downward departure under USSG §§ 5K2.13 (significantly reduced mental capacity) and 5K2.20 (aberrant behavior). CIV Doc. 1 & 1-1 at 3-10.

The government moved to dismiss Giese's § 2255 motion on all grounds. The only allegation in Giese's § 2255 motion that remains is that "his trial counsel Mr. Horn was ineffective for failing to assert and pursue a downward departure based on USSG § 5K2.20." Doc. 28 at 10, n.2. The magistrate judge held that an evidentiary hearing is required because it rejected the government's

page, if applicable. Citations to docket entries in this civil habeas case will be cited as "Doc." followed by the docket number and page, if applicable.

argument that defense counsel's decision to withdraw his objection to the PSR was trial strategy and concluded there is a credibility issue to resolve because defense counsel did not comment whether or not he discussed the matter with his client and Giese alleges defense counsel never discussed the issue with him. Doc. 28 at 21.

The magistrate judge also rejected the government's argument that § 5K2.20 does not apply because Giese's crime involved significant planning. Doc. 28 at 22. The magistrate judge agreed that the factual basis in support of the guilty plea acknowledged that the "planning involved buying the mask" used during the robbery, "writing the hold-up note, and constructing the box" which Giese represented to the bank employees was a bomb, and that Giese "told the PSR author he had considered the robbery for two weeks beforehand." Doc. 28 at 22. However, the magistrate judge concluded these facts were not enough for significant planning because Giese did not specify to the PSR author "when and where he took specific acts to put that plan [the robbery] into action." Doc. 28 at 22. The magistrate judge also rejected that Giese's plan involved significant planning because she concluded, "Taping up a box and putting on a mask is a pretty rudimentary plan, in this court's opinion." *Id.*

The magistrate judge then went on to state, in part, that "[c]ommentary to the provision [§ 5K2.20] indicates a court should consider (A) the defendant's mental and emotional conditions; (B) his employment record; (C) his record of prior good works; (D) his motivation for committing the offense; and (E) efforts to mitigate the effects of the offense. Doc. 28 at 22 (*citing* USSG § 5K2.20(b), cmt.

3.) She then proceeded to analyze these factors and concluded that "the facts are at least arguable in favor of application of § 5K2.20 to Mr. Giese, or a variance on similar grounds under 18 U.S.C. § 3553(a)." Doc. 28 at 26.

The magistrate judge, in part, ultimately denies the government's motion to dismiss stating:

> Mr. Horn's affidavit does not state that he was *aware* of a departure under § 5K2.20 or the possibility of a variance on similar grounds under § 3553(a) and deliberately decided not to pursue those avenues for a reduced sentence. In fact, the reason why the PSR author refused to entertain Mr. Horn's objection to the PSR was because he *did not articulate* any grounds for departure. See CR Docket No. 29 at p. 2. Giving Mr. Giese the benefit of the doubt, although Mr. Horn is an experienced criminal defense lawyer, he does not often appear in federal court and does not regularly accept criminal appointments in this court. The USSG are detail-specific and daunting even to those criminal defense attorneys who interact with them every day.

> One possibility may be that Mr. Horn was driving at the very type of departure contemplated by § 5K2.20 with the submission of 33 supporting letters without knowing of the existence or applicability of that USSG provision. Mr. Giese's crime involved significant planning. The government has not backed up that mere assertion with citation to case law. Mr. Giese has made the assertion that his crime qualified for a downward departure under § 5K2.20 and he has supported his argument with citation to favorable case law. The court finds Mr. Giese has pled enough facts to state a claim that is plausible on its fact under Rule 12(b)(6).

Doc. 28 at 27-28.

## II. OBJECTIONS TO REPORT AND RECOMMENDATION

Following the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The United States files and serves the following objections to the magistrate's report and recommendation:

1.    The United States objects to the recommendation that "the facts are at least arguable in favor of application of § 5K2.20 to Mr. Giese, or a variance on similar grounds under 18 U.S.C. § 3553(a)." Doc. 28 at 26.

2.    The United States objects to the recommendation that the facts of record do not support that the offense was committed with significant planning. Doc. 28 at 22.

3.    The United States objects to the magistrate judge's recommendation that an evidentiary hearing is required. Doc. 28 at 21, 28.

4.    The United States objects to the magistrate judge's recommendation that the motion to dismiss should be denied. Doc. 28 at 28.

## III.   ARGUMENT AND AUTHORITIES

The benchmark in evaluating ineffective assistance of counsel claims is "'whether counsel's performance so undermined the proper functioning of the adversarial process'" that the outcome of the proceeding . . . cannot be considered as a just result. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (*quoting Strickland v. Washington*, 466 U.S. 668, 686 (1984)). The test used to establish ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). To establish ineffective assistance of counsel, a defendant must show: (1) his counsel's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant. *Premo v. Moore,* 562 U.S. 115, 131 S. Ct. 733, 739 (2011); *Strickland,* 466 U.S. at 686. Both prongs of the *Strickland* test must be satisfied to prevail on an ineffective assistance of counsel claim. *Williams v. United States,* 452 F.3d

1009, 1013 (8th Cir. 2006). *See also* Government's Memorandum in Support of its Motion to Dismiss (detailing the applicable law regarding an ineffective assistance of counsel claim under *Strickland*).

First, to demonstrate deficient performance, a defendant must show counsel's errors were so "serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. This requires a showing that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The "reasonableness" of counsel's conduct is "viewed as of the time of counsel's conduct." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). A defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A court must then determine whether, under the totality of the circumstances, the acts or omissions fell outside the wide range of competent assistance, "not whether [counsel's representation] deviated from the best practices or most common custom." *Id.*; *Premo,* 131 S. Ct. at 740. In making this determination, there is a strong presumption counsel provided adequate assistance. *Strickland*, 466 U.S. at 690.

Once a defendant has shown deficient performance, he must then affirmatively show prejudice. *Strickland*, 466 U.S. at 687, 693. A defendant must show more than the error complained of had some effect on the outcome. *Id.* at 693. A defendant must show there is a reasonable probability the results of the proceedings would have been different but for counsel's deficient

performance, that is, "a probability sufficient to undermine the confidence in the outcome." *Id.* at 694; *Cullen,* 131 S. Ct. at 1403. A "reasonable probability" requires a "substantial" likelihood the result would have been different. *Allen v. United States,* 854 F.3d 428, 432 (8th Cir. 2017). The burden of establishing ineffective assistance of counsel is on Giese. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003).

Giese has failed to state a credible claim of ineffective assistance of counsel. Based upon the record, no hearing is required to dismiss this petition.

## A. OBJECTION 1

The United States objects to the magistrate judge's recommendation that "the facts are at least arguable in favor of application of § 5K2.20 to Mr. Giese, or a variance on similar grounds under 18 U.S.C. § 3553(a)." Doc. 28 at 26. To reach this conclusion, she also states that "§ 5K2.20 directs the court to consider the five factors specified: the defendant's mental and emotional conditions, his employment record, his record of prior good works, his motivation for committing the offense, and efforts to mitigate the effects of the offense." Doc. 28 at 23-24 (*citing* USSG § 5K2.20 cmt. 3). The magistrate also sets forth that the "[c]ommentary to the provision indicates a court *should* consider these five factors." Doc. 28 at 22 (emphasis added). Comment 3 to § 5K2.20 does not require that these factors be considered but states that the court "may consider" the aforementioned five factors when "determining whether the court should depart under this policy statement." USSG § 5K2.20, cmt. 3; *see also United States v. Watson,* 454 F. Supp. 2d 271, 275 (E.D. Penn. 2006) (nothing in list of

factors at comment 3 to § 5K2.20 "obligates the court to consider these factors"). Also, if considered, these factors would only potentially be considered by a court if the requirements of § 5K2.20(b) are first met and none of the prohibitions of § 5K2.20(c) apply. *Watson,* 454 F. Supp. 2d at 275.

Based upon the record, one of the prohibitions to § 5K2.20 applies and so the magistrate judge's statement that "the facts are at least arguable in favor of application of § 5K2.20 to Mr. Giese" is mistaken. Doc. 28 at 26. One of the prohibitions to the application of § 5K2.20 is if "[t]he defendant discharged a firearm or otherwise used a firearm or dangerous weapon" "[t]he court may not depart downward" pursuant to policy statement § 5K2.20. *See* USSG § 5K2.20(c)(2) (2016); *see also United States v. Roberts,* 313 F.3d 1050 (8th Cir. 2002) (recognizing that § 5K2.20 prohibits application to offenses involving use of a dangerous weapon). Comment 1 to § 5K2.20 states that the definition used for "dangerous weapon" and "otherwise used" is the same as the definition used in the commentary to USSG § 1B1.1. *See* § 5K2.20, cmt. 1. Comment 1(D) & (I) to USSG § 1B1.1 states:

> "Dangerous weapon" means (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument (*e.g.* a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun).

> "Otherwise used" with reference to a dangerous weapon (including a firearm) means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon.

USSG 1B1.1, cmt. 1(D) & (I) (2016).

The indictment to which Giese pled guilty, stated, in part, that "David William Giese did assault a person by the use of a dangerous weapon, that is an explosive device, in violation of 18 U.S.C. §§ 2113(a) and 2113(d)." CR Doc. 2. The statement of factual basis in support of the plea states:

> On July 26, 2016, the defendant, David William Giese, robbed the Wells Fargo Bank in Yankton, in the District of South Dakota. At approximately 4:55 p.m., Defendant Giese entered the bank wearing an old man mask and carrying a cardboard box. He approached the teller and stated, "Give me all your money. There's a bomb in the box." The defendant also handed the teller a handwritten note that stated he had a bomb and demanded money. After the teller provided cash from the drawer, the defendant left the sealed cardboard box on the counter and told all of the bank employees not to call the police for 30 minutes; otherwise, the bomb would be detonated. The defendant walked out of the bank building and left the scene in his vehicle. The money and property of Wells Fargo Bank in Yankton was insured by the Federal Deposit Insurance Corporation (FDIC). In committing the offense, the defendant did threaten to assault a person by the use of a dangerous weapon, that is an explosive device, all in violation of 18 U.S.C. § 2113(a) and (d).

CR Doc. 21.

The indictment and factual basis specifically admit in committing the offense, Giese used a "dangerous weapon", that is a bomb/explosive device. CR Doc. 2, 21. The comment defining dangerous weapon also made clear that the object, in this case, the box, meets the definition if it is "used . . . in a manner that created the impression that the object was such an instrument" capable of inflicting death or serious bodily injury. That is exactly how Giese used the box which he pretended here was a bomb. Giese did more than brandish, display, or possess the dangerous weapon. *Compare United States v. Williams,* 71 Fed. Appx. 197, 199 (4th Cir. 2003) (pointing the gun at the teller meant defendant

had "otherwise used" the firearm).  Giese announced he had a bomb, and he announced that if the employees did not wait 30 minutes to call the police that the bomb would be detonated.  CR Doc. 21.  Given that Giese used the box in a manner to create an impression that it was an instrument capable of inflicting death or serious bodily injury, the definition of dangerous weapon is met.

In *United States v. Boeka,* 2006 WL 3780400 at *6 (D. Neb. Dec. 20, 2006), the district court concluded that defendant's "Cheez-Its-box-disguised-as-a-bomb clearly qualifies as a dangerous weapon under the Guidelines.  The question is whether he can be said to have 'otherwise used' the weapon so as to prohibit a departure for aberrant behavior."  *Id.* at *6.  However, the Court in *Boeka* found that defendant did not do more than brandish or display the box.  *Id.*  Here, that is not the case.  Similar to pointing a gun in the face of a victim, *see supra Williams,* Giese threatened to detonate the bomb if the bank employees called the police within 30 minutes.  CR Doc. 21.  That is more than brandishing and displaying.  Therefore, the "dangerous weapon" prohibition at § 5K2.20(c)(2) applies, and Giese was not eligible for a downward departure based upon aberrant behavior under § 5K2.20.  The government's objection to the magistrate's judge's recommendation to the contrary - that "the facts are at least arguable in favor of application of § 5K2.20 to Mr. Giese" - should be sustained, and this conclusion should not be adopted by the Court.

The magistrate judge also states in her report and recommendation that "the facts are at least arguable in favor of application of . . . a variance on similar grounds under 18 U.S.C. § 3553(a)."  Giese has not raised an ineffective

assistance of counsel claim based on § 3553(a).    If the "rule of liberal construction fail[s] to save a broad and conclusory pro se pleading," the same should hold true when a claim is not even alleged.  *Compare Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985) (*citing Munz v. Parr,* 758 F.2d 1254, 1259 (8th Cir. 1985) ("rule of liberal construction failed to save a broad and conclusory pro se pleading"); *Grady v. Wilken,* 735 F.2d 303, 304 (8th Cir. 1984) ("court affirmed dismissal of pro se complaint based on broad and conclusory factual allegations")).  The magistrate judge specifically sets forth that Giese's ineffective assistance of counsel claim "asserts his trial counsel Mr. Horn was ineffective for failing to assert and pursue a downward departure based on USSG § 5K2.20." Doc. 28 at 10.  Therefore, any implication that counsel was ineffective for failing to seek a variance pursuant to § 3553(a) should also be rejected as that is not the claim that Giese has raised.

### B.  OBJECTION 2

The government's second objection to the magistrate judge's report and recommendation is that § 5K2.20 does not apply because the offense involved significant planning.   The government's underlying brief argued that Giese cannot establish prejudice because there is not a substantial likelihood that the result would have been different if counsel had asked for a downward departure based upon § 5K2.20.  Section 5K2.20 does not apply if the offense is committed with significant planning.  The magistrate judge concludes that Giese's actions did not constitute significant planning because, although Giese admits in his factual basis to "buying a mask, writing a hold-up note, and constructing the

box" for the bomb "there is no indication in the factual basis that these acts took place over the course of two weeks and in different locations." Doc. 28 at 22. The report and recommendation does acknowledge that "Mr. Giese told the PSR author he had considered the robbery for two weeks beforehand, but did not specify when and where he took specific acts to put the plan into action." *Id.* The report and recommendation concludes, "Taping up a box and putting on a mask is a pretty rudimentary plan, in this court's opinion." *Id.*

The government's position is that significant planning was involved, and the findings that significant planning was not involved and that Giese's plan was rudimentary should be overruled. In *Boeka,* where defendant used a Cheez-It box disguised as a bomb, the district court held that "Boeka has not satisfied the requirement that the offense was committed 'without significant planning.'" *Boeka,* 2006 WL 3780400 at \*7. The *Boeka* court noted, "The evidence shows that the defendant planned the event for at least a day and took several affirmative steps in pursuit of the scheme. He purchased wire to make the phony bomb appear more realist and concocted a disguise." *Id.* Here, Giese also took affirmative steps. He bought a mask to create a disguise and wrote a hold-up note. These facts alone are sufficient to conclude that there was significant planning. *Compare Marquez v. United States,* No. 4:07CV361JCH, 2008 WL 4642859 at \*6 (E.D. Missouri Oct. 17, 2008) (leasing a vehicle requires significant planning); *Boeka, supra.* Add to those facts that prior to the robbery, Giese stopped at the bank two times a week, talking with most of the employees. PSR ¶ 16. Defendant planned and brought a box with him that he represented

was a bomb (CR Doc. 21). During the robbery, Giese threatened to blow up bank employees. PSR ¶ 18. Giese's robbery was not "without significant planning;" therefore, the aberrant behavior downward departure at § 5K2.20 is not available to him, and the government's objection that the record doesn't support a finding of significant planning should be sustained. Contrary to the conclusion of the magistrate judge, the district court should enter a finding that Giese's robbery involved significant planning.

### 3. OBJECTION 3

The government's third objection is to the magistrate's recommendation that an evidentiary hearing is required. Doc. 28 at 21, 28. The prejudice prong has not been met under *Strickland* since USSG § 5K2.20 does not apply, and accordingly, an evidentiary hearing is not required.

To establish an ineffective assistance of counsel claim, Giese must meet both the deficiency and the prejudice element under *Strickland*. *Camberos-Villapuda v. United States of America*, Case 4:17-CV-04161-KES, Doc. 22 at 3-5 (D.S.D. May 7, 2019). In considering whether trial counsel was ineffective, the prejudice analysis "may replace the deficiency inquiry altogether if the lack of prejudice is apparent." *O'Rourke v. Endell*, 153 F.3d 560, 570 (8th Cir. 1998) (*citing Strickland*, 466 U.S. at 687).[2] "[T]here is no reason for a court deciding an

---

[2] By failing to address the deficiency analysis as to Grounds 1, the government is not agreeing that counsel was deficient, but as the Supreme Court has indicated, both components of the *Strickland* inquiry do not need to be addressed "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 696.

ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 696. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 466 U.S. at 696. To establish prejudice, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *O'Rourke,* 153 F.3d at 570 (*quoting Strickland,* 466 U.S. at 694). The burden is on Giese. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003). When considering whether counsel was ineffective, "Every effort [should] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689.

As the magistrate judge notes:

> Where an objection to a PSR, if it had been made and sustained, yields the same potential sentence under the USSG, a petitioner under § 2255 cannot establish *Strickland* prejudice as a matter of law based on the petitioner's lawyer's failure to lodge the objection. *See Montanye v. United States,* 77 F.3d 226, 230-231 (8th Cir. 1996) (where the petitioner was sentenced to 360 months' incarceration, and the Guidelines range was 360 months to life under the PSR as written, but also the same range if the objection had been made and sustained, petitioner could not show prejudice).

Doc. 28 at 19.

Given that significant planning was involved and that a dangerous weapon was otherwise used, § 5K2.20 is not applicable, and Giese cannot meet the prejudice prong under *Strickland.* If § 5K2.20 does not apply, then defense counsel raising it would not have had a substantial impact or any impact on the sentence and the prejudice prong cannot be met. *Montanye,* 77 F.3d at 230-231. Giese fails to meet his burden that there is prejudice.

While an evidentiary hearing may be necessary on a § 2255 motion if there are factual issues to be resolved, "files and records of the case may be sufficient alone to dispose of the motion where they 'conclusively show that the prisoner is entitled to no relief.'" *United States v. Goodman,* 590 F.2d 705, 710 (8th Cir. 1979) (citations omitted). Here the prejudice analysis may replace any deficiency analysis if "lack of prejudice is apparent." *O'Rourke v. Endell,* 153 F.3d 560, 570 (8th Cir. 1998) (*citing Strickland,* 466 U.S. at 687). Also, the files and records show that Giese is entitled to no relief, so records in the underlying matter are sufficient alone to dispose of the motion. *Goodman,* 590 F.2d at 710. Giese must establish both elements under *Strickland*, given that based upon the record § 5K2.20 does not apply, Giese cannot establish prejudice, Giese is not entitled to relief, and no evidentiary hearing is required. The court should sustain the government's objection to the magistrate judge's conclusion that an evidentiary hearing is required.

## C. OBJECTION 4

The magistrate's finding that the motion to dismiss should be denied because Giese is entitled to an evidentiary hearing and the "benefit of the doubt"

should be overruled. Doc. 28 at 27-28. Since Giese is required to establish both prongs under *Strickland, see Williams*, 452 F.3d at 1013, and he has not met the prejudice prong, and an evidentiary hearing is not required, the government's motion to dismiss should be granted. When considering whether counsel was ineffective, "Every effort [should] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689. The magistrate judge's efforts to consider counsel's actions in hindsight is not a proper approach. *See* Doc. 28 at 27-28 (magistrate judge noting since Mr. Horn does not appear in federal court often he must be unaware of § 5K2.20 despite that his affidavit discussed § 5K2.20). The magistrate's conclusion that the government's motion to dismiss should be denied without properly evaluating the prejudice prong under *Strickland* should be overruled, and the government's motion to dismiss Giese's § 2255 motion in its entirety should be granted since the prejudice prong under *Strickland* has not been met.

### III. CONCLUSION

Based upon the foregoing, the § 2255 petition should be dismissed, and an evidentiary hearing is not required. *See United States v. Goodman,* 590 F.2d 705, 710 (8th Cir. 1979) ("files and records of the case may be sufficient alone to dispose of the motion where they 'conclusively show that the prisoner is entitled to no relief.'"), *cert. denied,* 440 U.S. 985 (1979).

Date: March 17, 2019.

RONALD A. PARSONS, JR.
United States Attorney

/s/ Stephanie C. Bengford
STEPHANIE C. BENGFORD
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605) 357-2341
Email: Stephanie.Bengford@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 17, 2019, a true and correct copy of Government's Objections to the Magistrate Judge's Report and Recommendation was served upon the following person, by placing the same in first-class U.S. Mail, postage prepaid, addressed as follows:

David William Giese
#16941-273
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 1000
Milan, MI 48160

/s/ Stephanie C. Bengford
STEPHANIE C. BENGFORD
Assistant United States Attorney