UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

DAVID WILLIAN GIESE,
    Movant,

v.
                                          Case No. 4:18-CV-04144-KES

UNITED STATES OF AMERICA,
    Respondent.
_____/

## MOTION TO AMEND JUDGMENT

### UNDER RULE 59(e) OF FEDERAL RULES OF CIVIL PROCEDURE

Comes now, David William Giese, proceeding pro se Movant, moving this Honorable Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to amend its judgment on November 21, 2019, denying Movant's motion to vacate, set aside or correct sentence.

### Legal Standard

A Rule 59(e) motion serves the function of correcting "manifest errors of fact or law or to offer newly discovered evidence...," see Castaneira v. Ligtenburg, 262 Fed. Appx. 726 (8th Cir. 2008). "Federal Rule of Civil Procedure 59(e) provides a means to support reconsideration [by the court] of matters encompassed in a decision on the merits. Under [R]ule 59(e), the court may consider issues previously before it, and generally may examine the correctness of the judgment itself, see Leonard v. Dorsey & Whitney LLP, 553 F.3d 609, 620 (8th Cir. 2009). "[T]he Rule was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment," see White v. N.H. Dep't of Employment Sec, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed. 2d 325 (1982).

(1)

A motion to alter and amend a judgment may be granted under certain circumstances:

1. **Correction of Clear Error of Fact of Law**

   A motion to alter or amend a judgment may be granted for the purpose of correcting a clear error made by the court, regardless of whether the error was one of law or fact, see EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

2. **Prevention of Manifest Injustice**

   A motion to alter or amend may be granted to prevent manifest injustice. This ground is something of a catch-all basis for relief, either covering some other ground that clearly warrants relief but cannot be fit into one of the other, recognized grounds for relief, or providing a different means of phrasing of some other recognized ground for relief, see Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011), see also Dale & Shelby Superette Deli v. United States of Agric., 838 F.Supp. 1346, 1347-1348 (D. Minn. 1993).

A motion under Rule 59(e) cannot be used to "tender new legal theories or raise arguments which should have been offered or raised prior to entry of judgment." See Bannister v. Armontrout, 4 F.3d 1434, 1440 (8th Cir. 1993) ("Bannister first raised the claim in the district court in a Rule 59(e) motion. The district court correctly found that the presentation of the claim in a 59(e) motion was the functional equivalent of a second [habeas] petition, and such was the subject to dismissal as abusive").

In Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed. 2d 480 (2005), the Supreme Court held that a rule 60(b) motion is a successive petition if it contains a "claim." A motion contains a "claim" if it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim on the merits." Id. at 532. Many circuits have debated whether Gonzales applies to Rule 59(e) motions. See Ward v. Norris, 577 F.3d 925, 932-35 (8th Cir. 2009); United States v. Moss, 174 F.App'x 358-59 (8th Cir. 2006); cf. Rishar v. Ferguson, 822 F.2d 482, 491 (9th Cir. 2016)(collecting cases from other circuits on whether Gonzalez applies to

Rule 59(e) motion as well as Rule 60(b) motions).

Under Rule 59(e), "a motion to alter or amend a judgment must be 'filed no later than 28 days after the entry of the judgment." See Federal Rules of Civil Procedure Rule 59(e).

Therefore, a party or movant moving to alter or amend a judgment pursuant to Rule 59(e), must establish clear error of fact or law or manifest injustice, not present a new "claim," and must file the motion within 28 days of the day the judgment is entered.

## Discussion

Movant asserts that there is clear error of fact or law in the Court's "Order Denying Motion to Vacate, Set Aside, or Correct Sentence." Docket 44. Movant further asserts that if the judgment is not amended, he will suffer manifest injustice.

### A. Clear Error of Fact or Law

#### 1. PSR and Sentencing

The Court states that "a reading of the PSR shows that at very least Giese brandished and possessed a dangerous weapon." Docket 44 at 8. This is clear error of fact or law.

In United States v. Rosales-Mirales, 138 S.Ct. 1897, 201 L.Ed. 2d 376, 2018 LEXIS 3690 (2018) the Supreme Court held:

> "Each year, thousands of individuals are sentenced to terms of imprisonment for violations of federal law. District courts must determine in each case what constitutes a sentence that is "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to achieve the overarching sentencing purposes of "retribution, deterrence, incapacitation, and rehabilitation." Tapia v. United States, 564 U.S. 319, 325, 131 S.Ct. 2382, 180 L.Ed. 2d 357 (2011); 18 U.S.C. §§ 3551(a), 3553(a)(2). Those decisions call for the district court to exercise discretion. Yet, to ensure "'certainty and fairness'" in sentencing, district courts must operate within the framework established by Congress. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005)(quoting 28 U.S.C. § 991(b)(1)(B)).

(3)

The Sentencing Guidelines serve an important role in that framework. "[D]istrict courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." Peugh v. United States, 569 U.S. 530, 541, 133 S.Ct. 2072, 186 L.Ed. 2d 84 (2013) (quoting Gall v. United States, 552 U.S. 38, 50, n. 6, 128 S.Ct. 586, 169 L.Ed. 2d 445 (2007); emphasis in original). Courts are not bound by the Guidelines, but even in an advisory capacity the Guidelines serve as a "meaningful benchmark" in the initial determination of a sentence and "through the process of appellate review." 569 U.S., at 541, 133 S.Ct. 2072, 186 L.Ed. 2d 84.

Of course, to consult the applicable Guidelines range, a district court must first determine what that range is. This can be a "complex" undertaking. Molina-Martinez v. United States, 578 U.S., 136 S.Ct. 1338, 194 L.Ed. 2d 444 (2016). The United States Probation Office, operating as an arm of the district court, first creates a presentence investigation report, "which includes a calculation of the advisory Guidelines range it considers to be applicable." Id., at 136 S.Ct. 1338, 194 L.Ed. 2d 444; see Fed. Rules Crim. Proc., 32(c)(1)(A), (d)(1); United States Sentencing Commission, Guidelines Manual § 1B1.1(a) (Nov. 2016) (USSG). That calculation derives from an assessment of the "offense characteristics, offender characteristics, and other matters that might be relevant to the sentence." Rita v. United States, 551 U.S. 338, 342, 127 S.Ct. 2456, 168 L.Ed. 203 (2007) (internal quotation marks omitted). Specifically, an offense level is calculated by identifying a base level for the offense o of conviction and adjusting that level to account for circumstances specific to the defendant's case, such as how the crime was committed and whether the defendant accepted responsibility. See USSG §§ 1B1.1(a)(1)-(5). A numerical value is then attributed to any prior offenses committed by the defendant, which are added together to general a criminal history score that places the defendant within a particular criminal history category. §§ 1B1.1(a)(6), 4A1.1. Together, the offense level and the criminal history category identify the applicable Guidelines range. § 1B1.1(a)(7)."

After determining specific characterics, the application notes to U.S.S.G. § 1B1.1, the guideline section that instructs sentencing courts how to apply the Sentencing Guidelines, instruct that "The offense level adjustments for more than one specific offense characteristic within an offense guideline are applied cumulatively (added together) unless the guideline specifies that only the greater (or greatest) is to be used. Within each specific offense characteristic subsection, however, the offense level adjustments are alternative; only the one that best describes the conduct is to be used. For example, in § 2A2.2(b)(3), pertaining to degree of bodily injury, the subdivision that best describes the level of bodily injury is used; the

(4)

adjustments for different degrees of bodily injury (Subdivisions (A)-(E)) are not added together, see U.S.S.G. § 1B1.1 cmt n.4(a). The Sentencing Guidelines further instruct that "[w]here two or more guideline provisions appear equally applicable, but the guidelines authorize the application of only one such provision, use the provision that results in the greater offense level." Id. at n.5. Application Note 5 points to U.S.S.G. § 2A2.2(b)(2) as an example. Pursuant to U.S.S.G. § 2A2.2(b)(2), if a firearm is both discharged and brandished, the provision applicable to the discharge of the firearm - the provision embodying the greater enhancement - would be used. Id."[1]

Although United States v. Booker has made the guidelines advisory, "the sentencing court's first task remains to accurately and correctly determine the advisory guideline sentence. see United States v. Ornelas-Yanez, 77 F. Supp. 1083, 1100 (D.N.M. 2014)(Browning, J.). Flaws in the base offense level calculation, like the Court's failure to apply the greater offense level, are reversible procedural error, see United States v. Gigley, 213 F.3d at 519; see also United States v. Dighera, 2006 U.S. Dist. LEXIS 20902, 2006 WL 1302139, at *2.

Therefore, the Court's statement that "a reading of the PSR shows that at very least Giese brandished and possessed a dangerous weapon" Docket 44 at 8, is wrong. The United States Probation Office, who constructed the PSR, determined that the offense level adjustment that best describes the conduct and results in the greater offense level in Movant's case was U.S.S.G. § 2B3.1 (b)(2)(E), pursuant to § 1B1.1. The Court's statement should have read "a reading of the PSR shows that at very _most_ Giese brandished and possessed a dangerous weapon." If the Court does not believe that at very _most_ Giese brandished and possessed a dangerous weapon then it is admitting there was procedural error in the sentencing process, see Gigley, 213 F.3d at 519; see also Dighera, 2006 U.S. Dist. LEXIS 20902, 2006 WL 1302139, at *2.

---

[1] The Supreme Court held in Stinson v. United States, 508 U.S. 36, 38, 123 L.Ed. 2d 598, 113 S.Ct. 1913 (1993) that commentary interpreting or explaining a guideline is authoritative unless it violates federal law or is inconsistent with or a plainly erroneous reading of the guideline.

The Court may argue that its statement falls under harmless error. However, Movant Giese contends that the statement "a reading of the PSR shows that at the very least Giese brandished and possessed a dangerous weapon," is a structural defect. "Structural defects affect the framework within which the trial proceeds, rather than simply [being] error[s] in the trial process itself," see Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246 113 L.Ed. 2d 302 (1991). Movant asserts that the Court's statement is a structural defect that affects the framework of the entire order. The Court proceeded in its order believing that Giese's conduct was and could be more than brandish or possess and in fact otherwise used. This originates from the Court's reading of the PSR and as shown previously, this is against how the Guidelines are to be applied. This structural defect caused the Court's entire order to be affected. Therefore, the Order needs to be amended to reflect that at very most Giese brandished and possessed a dangerous weapon.

### 2. Cases Cited

The Court determined that it had to "look to other courts' interpretations of "otherwise used" because the Eighth Circuit has not addressed this particular issue." See Docket 44 at 9. The Court then goes on to cite three cases in order to use their interpretations of otherwise used.

The Court cites United States v. Miller, 206 F.3d 1051, 1053 (11th Cir. 2000); United States v. Bendtzen, 542 F.3d 722, 727 (9th Cir. 2008); United States v. Hano, 922 F.3d 1272, 1296-97 (11th Cir. 2019). In Miller, defendant contends that the district court erred in enhancing his offense level by four points under U.S.S.G. § 2B3.1(b)(2)(D). The Eleventh Circuit affirmed his sentence concluding that defendant's conduct constituted "otherwise use" of a dangerous weapon. See Miller, 206 F.3d 1051, 1053 (11th Cir. 2000). In Bendtzen, defendant contends that his conduct was "brandishing"

rather than "otherwise use" under U.S.S.G. § 2B3.1(b)(2)(D). The Ninth Circuit found that Bendtzen's use of the fake bomb constituted "otherwise using" a dangerous weapon. See Bendtzen, 542 F.3d 722, 727 (9th Cir. 2008). In Hano, defendant argues that the district court erred in enhancing his offense level by four levels because he "otherwise used" a dangerous weapon in the commission of the robbery, U.S.S.G. § 2B3.1(b)(2)(D). The Eleventh Circuit found that the district court committed no error when it enhanced Hano's offense level by four levels because he "otherwise used" a dangerous weapon.

None of the cases cited by the Court are related to Giese. All three cases deal with defendants appealing their enhancements under § 2B3.1(b)(2)(D). None of the cases deal with U.S.S.G. § 5K2.20, aberrant behavior, for which Giese is arguing. Giese's base offense level was increased by three levels because a dangerous weapon was brandished or possessed, pursuant to U.S.S.G. § 2B3.1(b)(2)(E). It was never argued previously that Giese's conduct was "otherwise use." The Court is now attempting to broaden the scope and broaden the narrow definition of § 5K2.2. As stated above, none of these cases are related to Giese and the Order should be amended and these cases removed because they hold no bearing in this situation.

B. Amending of the Judgment

Giese has shown that the Court has made a clear error of fact or law. Giese's 59(e) motion is being filed within 28 days and does not contain a "claim," just clear error of fact or law that results in manifest injustice. Giese has shown that he qualifies for a departure under § 5K2.20 because at most his behavior was "brandishing and possessing" a dangerous weapon. Therefore Giese can still show that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 694 (1984).

Therefore, Giese contends that an evidentiary hearing be held because "a question of fact exists which necessitates an evidentiary hearing, see West v. United States, 994 F.2d 510, 513 (8th Cir. 1993). Further, Giese contends that his motion for release on bail, Docket 42, be granted because "granting bail pending a habeas petition is necessary to make the habeas remedy effective... as law and justice require." See Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001). Given the amount of time remaning on Giese's sentence, the motion for bail should be granted.

## Conclusion -

Movant Giese respectfully requests that this Court amend its judgment because clear error of fact or law exists. The Movant requests that the amended judgment reflect the following:

1. The United States first, second, third and fourth objections to the report and recommendation are denied.

2. The report and recommendation is adopted in full.

3. The United States's motion to dismiss is denied.

4. An evidentiary hearing is held.

5. Giese's motion for release on bail is granted.

6. Giese's motion to appoint counsel is granted.

7. Giese's motion to vacate. set aside or correct his sentence under 28 U.S.C. § 2255 is granted.

This should be done in the interests of justice in the case herein.

Respectfully Submitted,

Date: December 10, 2019

Mr. David Giese #16941-273
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

## Certificate of Service

I, David W. Giese, certify that on the __10__ day of December, 2019, I mailed a true and correct copy of the foregoing Motion to Amend Judgment Under Rule 59(e) through the Milan Prison Mail System postage pre-paid to the following address:

        United States Courthouse  
        400 S. Phillips  
        Room 128  
        Sioux Falls, SD 57104

_____  
Mr. David Giese

David Giese # 16941-273
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160



⇔16941-273⇔
United States Courthouse
Room 128
400 S Phillips AVE
Sioux Falls, SD 57104
United States

X-RAYED BY
SOUTH DAKOTA
CSO

CEDAR CORREC IONAL INSTITUTION
___AN, MICHIGAN 48160
DATE: 12-11-19

THE ENCLOSED LETTER WAS PROCESSED
THROUGH SPECIAL MAILING PROCEDURES
FOR FORWARDING TO YOU. THE LETTER H__
BEEN NEITHER OPENED NOR INSPECTED. IF
THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN
THE MATERIAL FOR FURTHER INFORMATION
OR CLARIFICATION. IF THE WRITER
ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESS__
PLEASE RETURN THE ENCLOSURE TO T__
____ ADDRESS.